# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4995 | **DATE** | 9/28/2004 |
| **CASE TITLE** | Yourek vs. Barnhart | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment is granted and the case is remanded to the Social Security Administration for further proceedings consistent with the opinion attached hereto. Defendant's motion for summary judgment is denied. Accordingly, judgment is entered in favor of plaintiff and against defendant. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/28/2004 | |
| MPJ | courtroom deputy's initials | 2004 SEP 28 PM 1:14 | date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JOHN YOUREK,                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )     No.  03 C 4995
                                      )
JOANNE BARNHART, Commissioner of      )
Social Security,                      )
                                      )
          Defendant.                  )

DOCKETED
SEP 2 9 2004

### MEMORANDUM OPINION AND ORDER

On September 29, 2000, plaintiff John Yourek applied to the
Social Security Administration ("Administration") for a period of
disability and disability insurance benefits.  His application was
initially denied and, at Mr. Yourek's request, a hearing was held
on September 18, 2002.  Administrative Law Judge Helen Cropper
("ALJ") found that for the period from March 1998 to December 2000,
Mr. Yourek was not disabled.  The ALJ also found that Mr. Yourek's
insured status had expired in December 1997.  Because Mr. Yourek
was not insured at the time of his application, he had to show that
he was continuously disabled from before the expiration of his
insured status until twelve months prior to his application.  As
Mr. Yourek was unable to make this showing, the ALJ denied his
application on November 12, 2002.  On May 21, 2003, the Appeals
Council denied Mr. Yourek's request for review.  On July 18, 2003,
Mr. Yourek filed a complaint asking for judicial review of the
ALJ's decision.  Both Mr. Yourek and the Administration now move



for summary judgment. I GRANT Mr. Yourek's motion and remand the case for further proceedings. I DENY the Administration's motion.

A five-step process governs the determination of disability status. 20 C.F.R. § 1520(a-f). The Administration must find "(1) whether the claimant is currently employed; (2) whether he has a severe impairment; (3) whether his impairment meets or equals one listed by the Secretary; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing any work in the national economy." *Herron v. Shalala*, 19 F.3d 329, 337 n.8 (7th Cir. 1994). If the applicant reaches the fifth step, the Administration bears the burden of proving the existence of jobs in the national economy that the applicant can perform. *Id.*

Mr. Yourek argues that the ALJ's decision was deficient in four ways: first, that medical expert testimony was required to determine the onset of Mr. Yourek's disability and was not obtained; second, that the ALJ's credibility determination is insufficient as a matter of law; third, that the ALJ improperly determined that Mr. Yourek is not illiterate without literacy testing; and finally, that insufficient evidence exists as to the number of jobs available matching Mr. Yourek's limitations and vocational profile.

Mr. Yourek first argues that the ALJ failed to fully develop the record by consulting a medical expert regarding his medical limitations and the onset date of his disability. For non-

2

traumatic disabilities, such as Mr. Yourek's asthma, the ALJ should consider three factors: "the applicant's allegations, work history, and medical and other evidence." *Lichter v. Bowen*, 814 F.2d 430, 434 (7th Cir. 1987). Medical evidence is considered the primary consideration of the three. *Id.* Mr. Yourek argues that the ALJ was required to summon a medical expert to determine the onset of his disability. However, determination of an applicant's Residual Functioning Capacity ("RFC") is within the purview of the ALJ, not medical experts.[1] *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995).

The ALJ considered Mr. Yourek's medical history, his testimony, and his work history, detailing that consideration in her decision. The ALJ neither rejected medical conclusions contained in Mr. Yourek's records without other evidence, nor drew her own conclusions without relying on medical evidence. *See, e.g., Armstrong v. Barnhart*, 287 F. Supp. 2d 881, 885-86 (N.D. Ill. 2003) (noting that Seventh Circuit reversed cases where ALJ "played doctor" by failing to address relevant evidence). This court will not re-weigh the evidence that was before the ALJ, so long as her

---

[1] Once the ALJ had found that the applicant has some medical limitations, as was the case here, the ALJ must determine the applicant's RFC to determine whether the applicant can return to his or her former work and/or perform any work in the national economy, the fourth and fifth steps of the disability determination.

decision is supported by substantial evidence. *Micus v. Bowen*, 979 F.2d 602, 604 (7th Cir. 1992).

However, Mr. Yourek also claims that the ALJ's credibility determination with respect to his testimony is insufficient as a matter of law and patently wrong. While the credibility determination of the ALJ is normally due deference, there must be evidence that such a determination was actually made. *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984). For meaningful appellate review, the ALJ must indicate the reasons for rejecting certain lines of testimony. *Id.* at 79. The ALJ does not specify her reasons for rejecting, at least in part, Mr. Yourek's testimony. The ALJ states that she gave his testimony some credit, but does not go on to explain which parts of his testimony are not credible or why those parts are not credible. Such a conclusory determination is not sufficient. *Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003). This case must therefore be remanded for a re-evaluation of Mr. Yourek's credibility and a redetermination of his RFC.

Mr. Yourek argues that the ALJ failed to thoroughly explore his literacy level. Mr. Yourek's literacy level is relevant to determining what work he might be able to perform. The ALJ rested her decision that Mr. Yourek is literate on the following facts: Mr. Yourek's statement that he can read and write more than his own

name, his completion of the 11th grade in regular classes[2], the claims representative's observation that Mr. Yourek had no difficulty completing his application, Mr. Yourek's testimony that he was not a good reader but could read small words slowly, Mr. Yourek's ability to obtain a driver's license, and his testimony that he was able to write a note using complete sentences. While this evidence is not inconsistent with a finding of literacy, neither is it sufficient for such a finding once Mr. Yourek had raised the possibility of illiteracy. *See, e.g., Cole v. Apfel*, No. 98 C 6735, 2000 WL 290432, at *4 (N.D. Ill. Mar. 17, 2000) (Coar, J.) (applicant's 7th grade education not sufficient to support a finding of literacy).

The ALJ had an obligation to develop a complete record once Mr. Yourek had raised the issue of his potential illiteracy. *See Taylor v. Apfel*, No. 00 C 3556, 2003 WL 21087955, at *6 (N.D. Ill. May 13, 2003) (Anderson, J.). Neither the ALJ nor Mr. Yourek's attorney made any attempt to ascertain Mr. Yourek's literacy level by asking him to perform such tasks as reading a brief article or writing a note. *See Cole*, 2000 WL 290432, at *4. Further, the ALJ predicated her hypothetical to the vocational expert, regarding work Mr. Yourek could be expected to perform, on his reading at a fourth-grade level but provided no explanation as to how or why she

---

[2] Mr. Yourek testified to completing the 9th grade and to being assigned to special education classes.

came to that determination. The ALJ's determination of Mr. Yourek's literacy level was not supported by substantial evidence. As the literacy issue is crucial to Mr. Yourek's disability determination, I remand for a re-evaluation of Mr. Yourek's literacy level.

Finally, Mr. Yourek argues that the hypothetical questions asked of the vocational expert at Mr. Yourek's hearing were insufficient as a matter of law. Without deciding this issue, I note that the reconsideration of Mr. Yourek's credibility determination, his RFC, and his literacy level will necessitate reconsideration of the jobs in the national economy that he can perform. Mr. Yourek's case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

ENTER ORDER:

_Elaine E. Bucklo_

**Elaine E. Bucklo**
United States District Judge

Dated:    September 28, 2004